IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03135-BNB

KEITH ALLEN JOHNSON,

    Plaintiff,

v.

JEFFERY HEINIS, # 06140,
CHRIS CAMERON, # 87014,
CHRISTOPHER BALES, # 06130,
ROBERT GREASER, # 08034,
ALEXANDER ST. PETER, # 05067,
RICHARD HARVEY, JR., # 06069,
LANCE GARDNER, # 95013,
KEVIN DREYFUSS, # 99033,
KEVIN UJCICH, # 06012,
BRYON TOMPKINS, # 98029,
LT. ARCHER,
JOHN DOE (2), Denver Chief of Police,
JOHN DOE (3), Denver Safety Manager,
CITY AND COUNTY OF DENVER, As Person, and
JOHN RITTER, Governor of Colorado,
REGIONAL TRANSPORTATION DISTRICT,
GLEN WASHINGTON,
JOAN GLADDEN, and
JOHN DOE,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Keith Allen Johnson, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Johnson, acting *pro se*, initiated this action on December 2, 2011, by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On January 9, 2012, Mr. Johnson filed an Amended Complaint.

The Court must construe the Amended Complaint liberally because Mr. Johnson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Johnson will be ordered to file an Amended Complaint.

Mr. Johnson asserts that on January 9, 2010, Defendant Jeffery Heinis used excessive force against him. He further asserts that Defendant Heinis "aggressively brought [him] to the ground and while applying police restraining holds[ ] called for back-up officers." Mr. Johnson asserts that evidence was withheld regarding the details of the incident during which he was subjected to excessive force and arrested. He seeks money damages and injunctive relief.

With respect to Mr. Johnson's alleged false arrest, biased investigation, and withholding of information, as it pertains to his current incarceration, his claims for money damages may be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Mr. Johnson does not allege that he has invalidated his conviction or sentence that pertain to the incident at issue. Therefore,

the claim for damages challenging the validity of his criminal conviction may be barred by *Heck*.

With respect to Mr. Johnson's excessive force claim, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Johnson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant' s action harmed him [ ]; and, what specific legal right [Mr. Johnson] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Johnson may use fictitious names, such as John or Jane Doe, if he does not know the real names of the individuals who allegedly violated his rights. If, however, Mr. Johnson uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

In addition, municipalities and municipal entities, such as the City and County of Denver, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694

(1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Johnson cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Finally, Defendant Regional Transportation District is immune from suit. The State of Colorado and its agencies are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kan. Medical Center*, 163 F.3d 1186, 1194-97 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Accordingly, it is

ORDERED that Mr. Johnson file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Mr. Johnson shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Johnson fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice.

DATED January 17, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge