IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03135-BNB

KEITH ALLEN JOHNSON,

     Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT,
GLEN WASHINGTON,
JOAN GLADDEN,
JOHN DOE (1) DISPATCH OPERATOR,
JEFFERY HEINIS # 06140,
CHRIS CAMERON #87014,
CHRISTOPHER BALES #87014,
ALEXANDER ST. PETER #05067,
KEVIN DREYFUSS #99033,
BRYON TOMPKINS #98029, and
LT. ARCHER, Serial No. Unknown,

     Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

     Plaintiff, Keith Allen Johnson, is a prisoner in the custody of the Colorado

Department of Corrections at the Arkansas Valley Correctional Facility in Crowley,

Colorado. Mr. Johnson, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C.

§§ 1983 and 1985. As relief he seeks money damages. For the reasons stated below,

the action will be dismissed in part.

     The Court must construe the Prisoner Complaint liberally because Mr. Johnson is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

The claims in this action arise out of an altercation on January 9, 2010, between Mr. Johnson and another individual at an RTD transfer facility in Denver, Colorado. Mr. Johnson contends that Denver police used unlawful force against him without cause and that Denver detectives failed to report or preserve evidence they knew or should have known would clear him of the charges imposed against him. Mr. Johnson further asserts that the charges were biased and based on false statements and reports and that eyewitnesses were intimidated by the police and forced to sign false statements. Mr. Johnson concludes that as a result of the investigations a jury found him guilty of resisting arrest.

The Court finds that Mr. Johnson's claims involving false statements and reports, destruction of evidence, and intimidation of witnesses are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* is not limited solely to claims for damages asserted under § 1983. *See Lawson v. Engleman*, 67 F. App'x 524, 525-26 (10th Cir. 2003) (applying *Heck* to bar

2

claims for declaratory and injunctive relief under § 1983 and 1985).  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Johnson's §§ 1983 and 1985 claims against Defendants regarding the preservation or destruction of evidence, false reporting, and intimidation of witnesses implicate the validity of his state court criminal conviction.  There is no indication that Mr. Johnson has invalidated his assault conviction.  The Court, therefore, finds that Mr. Johnson's claims asserted against Defendants Regional Transportation District, Glen Washington, Joan Gladden, John Doe (1), Alexander St. Peter, Kevin Dreyfuss, Bryon Tompkins, and Lt. Archer are barred by the rule in *Heck* and must be dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

The Court will refrain from addressing the merits of Mr. Johnson's excessive force claims against Defendants Jeffery Heinis, Chris Cameron, and Christopher Bales. The remaining claim will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D for further review.  Accordingly, it is

ORDERED that all claims other than the excessive force claims against Defendants Jeffery Heinis, Chris Cameron, Christopher Bales are dismissed without prejudice for the reasons discussed in this order.  It is

FURTHER ORDERED that Defendants Regional Transportation District, Glen Washington, Joan Gladden, John Doe (1),Alexander St. Peter, Kevin Dreyfus, Bryon Tompkins, and Lt. Archer are dismissed as parties to this action because all claims against them have been dismissed.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __19th__ day of ___April_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court