IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03135-WJM-KLM

KEITH ALLEN JOHNSON,

      Plaintiff,

v.

JEFFERY HEINIS, #06140
CHRIS CAMERON, #87014, and
CHRISTOPHER BALES, #87014,

      Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiff's "Objection to Dismissal of Claims"** [Docket No. 23; Filed May 1, 2012], filed by the Clerk's Office as a Motion for Reconsideration of the Order at Docket No. 19 (the "Motion"). Defendants did not file a response in opposition to the motion, timely or otherwise. The matter is thus ripe for review. For the reasons stated below, the Court respectfully recommends that the Motion be **DENIED**.

**I.    Background**

      Plaintiff initiated this lawsuit *pro se* on December 2, 2011, pursuant to 42 U.S.C. § 1983. *See* [## 1, 2]. The facts of this matter arise from an incident on January 9, 2010, between Plaintiff and another person at an RTD transportation facility in Denver, Colorado. In his Second Amended Complaint, which is the operative pleading, Plaintiff brought eleven

claims against eleven defendants.  *See* [#17].   Plaintiff alleged that:

> Denver police used unlawful force against him without cause and that Denver detectives failed to report or preserve evidence they knew or should have known would clear him of the charges imposed against him. [Plaintiff] further assert[ed] that the charges were biased and based on false statements and reports and that eyewitnesses were intimidated by the police and forced to sign false statements. [Plaintiff] conclude[d] that as a result of the investigations a jury found him guilty of resisting arrest.

*Ord.*, [#19] at 2.

On April 19, 2012, Senior District Judge Lewis T. Babcock issued an order dismissing all claims and defendants other than the excessive force claim against Defendants Jeffery Heinis, Chris Cameron, and Christopher Bales.  *See* [#19] at 3.  The Court found that *Heck v. Humphrey*, 512 U.S. 477 (1994) barred Plaintiff's claims regarding false statements and reports, destruction of evidence, and intimidation of witnesses, because a favorable judgment would necessarily imply the invalidity of the resulting criminal conviction.  *Id.* at 2-3.

In the Motion at issue, Plaintiff contends that the rule stated in *Heck v. Humphrey* does not apply to his case.  [#23] at 1.  Plaintiff recounts the sequence of events leading up to his conviction, and attests that the dismissed claims relate to information and testimony regarding the two assault charges, one of which was dismissed, and the other for which he was acquitted.  *Id.* at 2-3.  Plaintiff emphasizes that "[a]lthough the resisting arrest conviction is based on the same course of conduct related to the assault, the resisting arrest is not substantially connected with the alleged assault, or information alleged in the dismissed claims."  *Id.* at 2.

## II.    Analysis

A party subject to an adverse judgment who seeks reconsideration of that judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  If a motion is filed within ten days of the judgment, the motion usually falls under Rule 59(e).  *Id.*  Here, the challenged Order was entered on April 19, 2012, and the Motion was docketed on May 1, 2012.  *See* [## 19, 23].   However, the Motion is dated April 27, 2012.   [#23] at 3.   In light of the Court's obligations to *pro se* litigants, as well as in consideration of the obstacles inherent in sending mail through the prison system, the Court accepts the Motion as filed within the Rule 59(e) deadline and will consider the Motion pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); *Mitchell v. Medina*, No. 12-cv-00251-BNB, 2012 WL 1578737, at *3-4 (D. Colo. May 4, 2012) (describing prison mailbox rule).

It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could

3

have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  Finally, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp.*, 57 F.3d at 944.

Plaintiff does not include legal authority in support of his request, nor does he cite to new evidence. *See* [#23].  Thus, the Court construes Plaintiff's argument as an assertion that reconsideration is necessary in order "to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012.  As referred to above, in order to show "clear error or manifest injustice, the [movant] must base [his] motion on arguments that were previously raised but were overlooked by the Court - parties are not free to relitigate issues that the Court has already decided." *Ramsey v. Mansfield*, No. 07-cv-02612-WYD-KLM, 2008 WL 878946, at *2 (D. Colo. Mar. 27, 2008) (citations omitted).

The sequence of events regarding the criminal charges arising from the January 9, 2010 altercation is alleged in the Second Amended Complaint as follows. *See* [#17] at 7.  Plaintiff was charged with second degree assault on a peace officer on January 13, 2010, and this charge was dismissed on April 30, 2010.  Also on April 30, 2010, Plaintiff was charged with third degree assault, and resisting arrest was added to that charge on May 5, 2010.  Trial was held one year later, and on May 4, 2011, Plaintiff was acquitted of third degree assault and found guilty of resisting arrest. *Id.*

In the Second Amended Complaint, Plaintiff makes no distinction between the alleged evidence or conduct related to the assault charges versus the resisting arrest conviction.  *See* [#17] at 6 (using generic terms "crimes" and "criminal charges").   In Colorado, a charge of resisting arrest is treated as a lesser non-included offense of third-degree assault, which is a lesser included offense of second-degree assault on a peace

4

officer.  *E.g.*, *People v. Dixon*, 950 P.2d 686, 688 (Colo. App. 1997); *People v. Annan*, 665 P.2d 629, 630 (Colo. App. 1983).  There is no indication in either the Motion or the Second Amended Complaint that the evidence and conduct at issue in this matter were separately reviewed and applied in the adjudication of the assault and resisting arrest charges.  In fact, Plaintiff concedes that the three charges arose from the same course of conduct, thereby indicating that the evidence of the course of conduct would be the same as to each of the charges.  *See* [#23] at 2.  Thus, the Court concludes that the interrelatedness of the three criminal charges necessitates the application of *Heck*.

In sum, although in the Motion Plaintiff indicates that the allegations in the Second Amended Complaint relate only to the two assault charges (which were dismissed and resulted in a verdict of acquittal, respectively), and not the conviction for resisting arrest, for the foregoing reasons, *Heck* applies to bar this Section 1983 action because of the relationship among the three charges arising from the same course of conduct.  *Heck*, 512 U.S. at 487 (applying rule to actions that could "demonstrate the invalidity of any outstanding criminal judgment"); *cf. Butler v. Compton*, 482 F.3d 1277, 1280 (10th Cir. 2007) (*Heck* does not bar an action in which "[t]here is no related underlying conviction . . . that could be invalidated by [the] § 1983 action").  Regardless of the District Judge's reference to "no indication that [Plaintiff] has invalidated his assault conviction,"[1] the District Judge correctly applied *Heck* by concluding that Plaintiff's "claims against Defendants regarding the preservation or destruction of evidence, false reporting, and intimidation of witnesses implicate the validity of his state court criminal conviction," that is, the conviction

---

[1] The Court assumes that the District Judge intended to refer to the resisting arrest conviction.

for resisting arrest.  *See* [#19] at 3.  Therefore, there is no basis for reconsideration of the District Judge's Order pursuant to Rule 59(e).

## III.     Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that Plaintiff's "Objection to Dismissal of Claims" [#23], filed as a Motion, be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  May 31, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge