**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-3135-WJM-KLM

KEITH ALLEN JOHNSON

      Plaintiff,

v.

JEFFERY HEINIS, #06140
CHRIS CAMERON, #87014 and
CHRISTOPHER BALES, #87014

      Defendants.

---

**ORDER ADOPTING THE RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the May 31, 2012 Recommendation by U.S. Magistrate Judge Kristen L. Mix (ECF No. 34) (the "Recommendation") that Plaintiff's "Objection to Dismissal of Claims" (ECF No. 23), filed by the Clerk's Office as a Motion for Reconsideration of the Court's April 19, 2012 Order (ECF No. 19) (the "Motion"), be denied. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I. BACKGROUND**

The facts relevant to a resolution of the Motion are detailed in the Recommendation. Briefly, Plaintiff, proceeding *pro se*, claims that:

> Denver police used unlawful force against him without cause and that Denver detectives failed to report or preserve evidence they knew or should have known would clear him of the charges imposed against him. [Plaintiff] further assert[ed] that the charges were biased and based on false statements and reports and that eyewitnesses were intimidated by the police and forced to

> sign false statements. [Plaintiff] conclude[d] that as a result of the investigations a jury found him guilty of resisting arrest.

(ECF No 19 at 2.)

Plaintiff's Complaint was filed on December 2, 2011. (ECF No. 1.) On April 19, 2012, Senior U.S. District Judge Lewis T. Babcock issued an Order (the "April 19, 2012 Order") dismissing all claims and Defendants other than the excessive force claim against Defendants Jeffery Heinis, Chris Cameron, and Christopher Bales. (ECF No. 19 at 3.) Specifically, Judge Babcock found that *Heck v. Humphrey*, 512 U.S. 477 (1994) barred Plaintiff's claims regarding false statements and reports, destruction of evidence, and intimidation of witnesses, because a favorable judgment would necessarily imply the invalidity of the resulting criminal conviction for resisting arrest. (*Id*. at 2-3.)

Plaintiff filed his Motion on May 1, 2012, in which he argues that the rule stated in *Heck v. Humphrey* does not apply to his case. (ECF No. 23.) Plaintiff contends that "[a]lthough the resisting arrest conviction is based on the same course of conduct related to the assault, the resisting arrest is not substantially connected with the alleged assault, or information alleged in the dismissed claims." (*Id*. at 2.) Defendants did not file a Response.

On May 31, 2012, the Magistrate Judge issued her Recommendation that Plaintiff's Motion be denied because there is no basis for reconsideration of the Court's April 19, 2012 Order pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 34.) On July 5, 2012, Plaintiff filed a timely Objection to the Recommendation. (ECF No. 39.) Defendants did not file a Response to Plaintiff's Objection.

For the reasons stated below, Plaintiff's Objection to the Recommendation is overruled, the Magistrate Judge's Recommendation is adopted in its entirety, and Plaintiff's Motion is denied.

## II. LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

A party subject to an adverse judgment who seeks reconsideration of that judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). If a motion is filed within ten days of the judgment, the motion usually falls under Rule 59(e). *Id*. Here, the challenged Order was entered on April 19, 2012, and the Motion was docketed on May 1, 2012. (ECF Nos. 19, 23.) However, the Motion is dated April 27, 2012. (ECF No. 23 at 3.) In accordance with the Recommendation, the Court accepts the Motion as filed within the Rule 59(e) deadline and will consider the Motion pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

In the Tenth Circuit, a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable,

and (3) the need to correct clear error or prevent manifest injustice*.*" *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (citing *Van Skiver*, 952 F.2d at 1243). A motion for reconsideration is also "an extreme remedy to be granted in rare circumstances." *Brumark Corp.*, 57 F.3d at 944.

Finally, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III. ANALYSIS

The Magistrate Judge recommends that Plaintiff's Motion be denied because

there is no basis for reconsideration of the April 19, 2012 Order pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 34.) Plaintiff objects to the Recommendation in its entirety and argues, in short, that the rule stated in *Heck v. Humphrey* does not apply to his case. (ECF No. 39.) As Plaintiff has objected to the entirety of the Recommendation, the Court will review the Recommendation *de novo*. Fed. R. Civ. P. 72(b)(3).

As Plaintiff does not include legal authority in support of his request, and he does not cite to new evidence, the Court construes Plaintiff's argument as an assertion that reconsideration is necessary in order "to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. As referred to above, in order to show "clear error or manifest injustice, the [movant] must base [his] motion on arguments that were previously raised but were overlooked by the Court - parties are not free to relitigate issues that the Court has already decided." *Ramsey v. Mansfield*, No. 07-cv-02612, 2008 WL 878946, at *2 (D. Colo. Mar. 27, 2008) (citations omitted).

After a detailed analysis in the Recommendation, the Magistrate Judge found that there is no basis for reconsideration of the Court's April 19, 2012 Order. (ECF No. 34 at 4-6.) The Court agrees. As described in the Recommendation, on May 4, 2011, Plaintiff was acquitted of third degree assault, but found guilty of resisting arrest at trial. (*Id*. at 4.) However, there is no indication that the evidence and conduct at issue in this matter were separately reviewed and applied in the adjudication of the assault and resisting arrest charges. (*Id*.) Thus, the Court finds that the interrelatedness of the criminal charges necessitates the application of *Heck*, 512 U.S. at 487 (applying rule to

actions that could "demonstrate the invalidity of any outstanding criminal judgment"). In short, Plaintiff's "claims against Defendants regarding the preservation or destruction of evidence, false reporting, and intimidation of witnesses implicate the validity of his state court criminal conviction" for resisting arrest. (ECF No. 19 at 3.)

It follows, therefore, that Plaintiff's Motion must necessarily be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 39) to the Magistrate Judge's May 31, 2012 Recommendation (ECF No. 34) is OVERRULED and the Recommendation is ADOPTED in its entirety; and

2. Plaintiff's Objection to Dismissal of Claims (ECF No. 23), filed by the Clerk's Office as a Motion for Reconsideration, is DENIED.

Dated this 4th day of October, 2012.

BY THE COURT:

William J. Martinez
United States District Judge