IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03135-WJM-KLM

KEITH ALLEN JOHNSON,

      Plaintiff,

v.

JEFFERY HEINIS, #06140
CHRIS CAMERON, #87014, and
CHRISTOPHER BALES, #87014,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Request for Extension of Time** [Docket No. 41; Filed September 24, 2012] (the "Plaintiff's Motion") and Defendant Heinis's **Motion to Deem Requests to Admit as Admitted** [#43; Filed September 26, 2012] (the "Defendant's Motion"). Defendants filed a **Response to Plaintiff's Motion for Extension of Time** [#46; Filed October 9, 2012] (the "Response to Plaintiff's Motion"). Plaintiff has not filed a reply as of the date of this Order. Plaintiff did, however, file a **Response to Defendant Heinis's Motion to Deem Requests to Admit as Admitted** [#47; Filed October 11, 2012] (the "Response to Defendant's Motion") and Defendant Heinis has filed a **Reply** [#48; Filed October 22, 2012] (the "Reply").

## I.    PLAINTIFF'S MOTION

      Plaintiff seeks an extension of the discovery deadline from December 1, 2012 to December 31, 2012. [#41] at 1. He contends that since the date of the Scheduling

Conference in July, the facility where he is incarcerated has had multiple emergency lock-downs.  *Id.*  He asserts that the lock-downs have interfered with his access to the law library and prevented him from timely answering Defendants' discovery requests and submitting his own requests to Defendants.  *Id.*

In the Response to Plaintiff's Motion, Defendants contend that Plaintiff's Motion is untimely in that it was brought after discovery requests propounded to him were overdue. [#46] at 2.  Additionally, they argue that Plaintiff has not demonstrated good cause to modify the Scheduling Order.  *Id.*  Defendants further argue that Plaintiff still has sufficient time to propound discovery requests to Defendants and that his request to extend the discovery deadline is unnecessary.  *Id.* at 3.

The Court agrees that an extension of the discovery deadline is unnecessary at this time.  Plaintiff has more than a month before the discovery deadline to submit his discovery requests to Defendants.  As to the timeliness of Plaintiff's responses to Defendants' discovery requests, that presents a separate issue that is not a basis for extending the discovery deadline.  As demonstrated below with respect to the timeliness of Plaintiff's responses to Defendant Heinis's requests for admission, the Court will address those issues as they arise.  Plaintiff having failed to show good cause at this stage for an extension of the discovery deadline, Plaintiff's Motion is **DENIED**.

## II.    DEFENDANT'S MOTION

Defendant Heinis asks the Court to deem as admitted the requests for admission propounded on Plaintiff on August 15, 2012. [#43] at 1.  Defendant argues that Plaintiff was required to respond within thirty days and as of the date of Defendant's Motion, Plaintiff had

not responded.  *Id.* at 2.  Defendant further argues that Plaintiff failed to consult pursuant to D.C.COLO.LCivR 6.1 in an attempt to extend the time to respond.  *Id.* at 2.

In the Response to Defendant's Motion, Plaintiff acknowledges that his responses to the requests for admission were due on September 13, 2012 and that he failed to timely respond. [#47] at 1.  Plaintiff argues that his failure to timely respond was not willful and was justifiable in light of unforeseeable events outside of his control.  *Id.* at 2.  Plaintiff contends that he failed to confer with Defendant to request more time because by the time he was able to do so, the deadline had already passed.  *Id.* at 2.  Plaintiff asserts that during the thirty-day period for responding to the requests for admission, his facility underwent two lock-downs that affected his ability to respond.  *Id.* at 2.  The second lock-down, he asserts, encompassed the September 13 due date.  *Id.* at 3.  He contends that as a result of the lock-down, the law library was closed from September 7th through September 17th, thus eliminating his access to documents he was preparing, including his responses to the requests for admission.  *Id.* at 3.  Plaintiff claims that during the second lock-down he had no access to the inmate legal mail system and, because he is indigent, he could not use the standard inmate mailing system.  *Id.* at 3.  Plaintiff further states that on September 24th, his facility was again placed on emergency lock-down, preventing access to the law library and his responses to Defendant's discovery requests.  *Id* at 3-4. For these reasons, Plaintiff asks the Court to extend the time for Plaintiff to respond to Defendant's discovery requests.[1]  *Id.* at 4.

---

[1] Because Defendant's Motion pertains only to the requests for admission, the Court's decision is limited to whether Plaintiff is entitled to an extension of the time to respond to that particular discovery request.

In the Reply, Defendant acknowledges that Plaintiff mailed his responses to the requests for admission on October 17, 2012. [#48] at 1-2.  Defendant argues that because the responses were past due by thirty-four days, Defendant's Motion should be granted. *Id.* at 2.  Defendant addresses Plaintiff's explanation for his untimely responses and argues that Plaintiff provides no evidence of the lock-downs and "no details as to why he could not answer the discovery at issue by September 13." *Id.* at 2.  Defendant further contends that Plaintiff provides no legal authority establishing that lock-downs entitle him to additional time to respond to discovery requests.  *Id.* at 2.  Defendant then cites several cases to support his contention that prison lock-downs that prevent an inmate from responding to discovery does not constitute excusable neglect.  *Id.* at 3.  Defendant therefore asks that the requests for admission be deemed admitted.  *Id.* at 4.

Rulings on discovery matters are within the broad discretion of the trial court.  *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).  Rule 6(b) of the Federal Rules of Civil Procedure, which governs extensions of time, provides that a district court may, "for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  The court considers certain factors in deciding whether a party's neglect is excusable, including: (1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party.  *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).  Fault for the delay is a very important, if not the most important factor in determining whether neglect is excusable.  *Id.* at 1163.

4

Here, the Court disagrees with Defendant's contention that Plaintiff "provides no details as to why he could not answer the discovery at issue by September 13." [#48] at 2. Plaintiff clearly explains that the second lock-down was in place as of the September 13th due date. [#47] at 2-3.  He states that the lock-down caused the library to be closed from September 7th through September 17th, which in turn prevented him from accessing legal documents that he was preparing, including the responses to the requests for admission. *Id.* at 3.  In weighing the factors for excusable neglect, the Court finds that all the factors weigh in Plaintiff's favor here.  The Court finds that the delay in responding to the requests for admission is, in large part, attributable to Plaintiff's inability to access his legal documents as a result of the lock-downs at his facility.  The Court therefore finds that although his responses to the requests for admission were untimely, he has sufficiently demonstrated excusable neglect to justify the untimely responses. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#41] is **DENIED** and Defendant's Motion [#43] is **DENIED**.

Dated:  October 24, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge