IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03135-WJM-KLM

KEITH ALLEN JOHNSON,

    Plaintiff,

v.

JEFFERY HEINIS, #06140
CHRIS CAMERON, #87014, and
CHRISTOPHER BALES, #87014,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant Officers Heinis, Cameron and Bales' Motion for Summary Judgment** [Docket No. 79; Filed January 15, 2013] (the "Motion"). The Motion is referred to this Court for recommendation. [#80]. Plaintiff has not timely filed a Response to the Motion.[1] The Court has reviewed the Motion, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that Defendants' Motion be **GRANTED**.

### I. Summary of the Case

    Plaintiff initiated this lawsuit on December 2, 2011 by filing *pro se* a Prisoner

---

[1] By separate order, the Court granted Plaintiff's first request for an extension of time to respond but denied the second request. Even if the Court had granted the second request, the Court finds that any response likely would have been futile. The instant Recommendation relies in large part on the record from the state court in which Plaintiff was convicted of resisting arrest. Because those records are undisputed, it is unlikely that anything Plaintiff might have raised in a response would have affected the Court's conclusion.

Complaint pursuant to 42 U.S.C. § 1983. [#1]. Plaintiff subsequently filed an Amended Complaint. [#17]. On initial review, all claims and defendants other than the excessive force claim against Defendants Heinis, Cameron and Bales ("Defendants") were dismissed. [#19]. Plaintiff's subsequent motion to reconsider those dismissals was denied. [#45] at 6.

Plaintiff's claim of excessive force against Defendants arises from an incident that occurred on January 9, 2010 at a Regional Transportation District ("RTD") facility. [#17] at 11-15. Plaintiff asserts that Defendants, who are police officers with the Denver Police Department, used excessive force against him when they responded to a call reporting a public fight at an RTD facility at 1535 Elway Drive in Denver, Colorado. [#17] at 11. Plaintiff alleges that Defendant Heinis, who was the first officer to respond, questioned him about the alleged fight. *Id.* at 11-12. Plaintiff claims that Heinis subsequently grabbed Plaintiff's left arm, pushed Plaintiff twenty to thirty feet, threw him to the ground and placed him in a choke hold until other officers arrived. *Id.* at 12. Plaintiff further alleges that after Defendants Cameron and Bales arrived at the scene, they too used excessive force when they held Plaintiff in a prone position, applied a choke hold which caused Plaintiff to choke, and knelt on Plaintiff's head, thereby pressing it against the concrete. *Id.* at 13-14. Plaintiff alleges that he sustained physical and mental injuries as a result of Defendants' actions. [#17] at 23. For relief, Plaintiff seeks compensatory damages of $400,000.00 from each Defendant in addition to punitive damages. *Id.* at 24.

Plaintiff acknowledges in the Amended Complaint that based on the incident, he was subsequently charged with and found guilty of resisting arrest. *Id.* at 7. In response to the Amended Complaint, Defendants filed an Answer on June 13, 2012. [#35].

2

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(c), summary judgment should enter if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission*

*Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Defendants argue in the Motion that Plaintiff's excessive force claim against them is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). [#79] at 6. *Heck* addressed "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." *Id.* at 478. The case involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest and ultimate conviction of a criminal offense. *Id.* at 478-479. In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the

district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the Court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ." *Heck*, 512 U.S. at 487.

"The starting point for the application of *Heck* . . . is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007). Here, Plaintiff acknowledges in the Amended Complaint that he was convicted of resisting arrest. [#17] at 7. Defendants argue that "[w]hile claims of excessive force typically are not barred in the context of an arrest, the claim is barred in this matter because the claim relies on facts that are contrary to the basis of Plaintiff's conviction." [#79] at 5. They explain that here, "[t]he jury in the criminal trial conclusively decided facts against Plaintiff when it concluded that the Defendants did not use excessive force." *Id.*

In support of their argument that Plaintiff's excessive force claims are barred by *Heck*, Defendants rely on records from Plaintiff's trial in state court and Plaintiff's discovery

responses, among other evidence. Defendants' summary judgment evidence demonstrates that Plaintiff was arrested on January 9, 2010, after which he was charged and convicted in Denver County Court of resisting arrest. [#79-7] at 11 (lines 5-8); [#79-8] at 1; [#79-9] at 1. In addition, Defendants explain that "[u]nder Colorado law, excessive force by a police officer is an affirmative defense to the charge of resisting arrest." *Id.* at 6 (citing C.R.S. § 18-8-103(2) and *State v. Fuller*, 781 P.2d 647 (Colo. 1989)). Defendants' summary judgment evidence shows that Plaintiff presented evidence of self-defense at his criminal trial. [#79-7] at 4-10. The jury received an instruction on self-defense that stated:

> It is an affirmative defense to the crimes of assault in the third degree on a peace officer and resisting arrest that the Defendant used physical force upon a peace officer if the peace officer is resorting to unreasonable or excessive force, (a) in order to defend himself from what the Defendant reasonably believed to be the use or imminent use of unlawful physical force by a peace officer, and (b) he used a degree of force which he reasonably believed to be necessary for that purpose.

[#79-7] at 14-15. In a declaration by Deputy District Attorney Brian Dunn, the prosecutor in the case against Plaintiff, Attorney Dunn states that because the affirmative defense of self-defense was available to Plaintiff during his criminal trial, the burden was on the State of Colorado to overcome the affirmative defense beyond a reasonable doubt. [#79-10]; *see also* [#79] at 7 (citing *People v. Pickering*, 276 P.3d 553, 555 (Colo. 2011)).

Based on this information, Defendants argue that by convicting Plaintiff of resisting arrest, the jury necessarily rejected the affirmative defense that the officers used unreasonable or excessive force. [#79] at 7. In other words, Defendants contend, the prosecution disproved the affirmative defense beyond a reasonable doubt. *Id.* Defendants therefore argue that a judgment in favor of Plaintiff in this action as to his excessive force claim against Defendants would call into question the validity of his conviction. *Id.*

6

Based on Defendants' summary judgment evidence, especially the relevant portions of the state court record, the Court agrees that Plaintiff's excessive force claim against Defendants is barred by *Heck*.[2] The Court finds that entry of judgment in favor of Plaintiff in this matter would negate the jury's determination that Defendants did not use unreasonable or excessive force during the underlying arrest. Such would necessarily call into question the validity of the underlying conviction for resisting arrest in that the application of the affirmative defense would essentially be resurrected. Moreover, the Court has no evidence before it to indicate that Plaintiff's conviction has been invalidated. In fact, Plaintiff acknowledged in his deposition that his conviction was affirmed on appeal. [#79-3] at 5-6. For these reasons, the Court concludes that Plaintiff's remaining claim for excessive force against Defendants is barred by *Heck*.

## IV. Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that Defendant's Motion [#79] be **GRANTED**, and Plaintiff's remaining claim be **DISMISSED WITHOUT PREJUDICE**. *See Fotler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (holding that dismissals pursuant to *Heck* should be without prejudice).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

---

[2] As Defendants point out, this Court recently made the same determination in a case involving similar facts. *See Oates v. Patella*, No. 11-cv-01871-REB-KLM, 2012 WL 592866 (D.Colo. Feb. 1, 2012).

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  March 28, 2013

BY THE COURT:

/s/ Kristen L. Mix

Kristen L. Mix
United States Magistrate Judge