**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-03135-WJM-KLM

KEITH ALLEN JOHNSON,

    Plaintiff,

v.

JEFFERY HEINIS, #06140,
CHRIS CAMERON, #87014, an
CHRISTOPHER BALES, #87014,

    Defendant.

**ORDER ADOPTING MARCH 28, 2013 RECOMMENDATION OF MAGISTRATE
JUDGE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the March 28, 2013 Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 102) that Defendants' Motion for Summary Judgment (ECF No. 79) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 102 at 7-8.) Despite this advisement, no objections to the Magistrate Judge's Recommendation have to date been filed by either party. Plaintiff has filed a number of motions since the Recommendation was issued, (*see* ECF Nos. 105, 107 & 108), but none of these filings is a specific objection to any aspect of the Recommendation. Therefore, the Court's duty to review the issues *de novo* has not been triggered. *See*

*U.S. v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (stating that a party's objections to magistrate judge's recommendation must be both timely and specific to trigger *de novo* review by district court).

One of the Motions filed by Plaintiff is a "Motion for Continuance to Respond to Defendant's Motion for Summary Judgment". (ECF No. 107.) In this Motion, Plaintiff asks for additional time to respond to the Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f)[1]. (ECF No. 107.) The Court can defer consideration of a motion for summary judgment if it finds that the non-movant needs additional time to obtain affidavits or declarations or to take discovery. *See* Fed. R. Civ. P. 56(d). However, this rule only applies where some additional factual development is necessary to rebut the arguments raised in the motion. Here, the basis for Defendants' Motion for Summary Judgment—as well as the Magistrate Judge's Recommendation that the Motion be granted—is a *legal* argument that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has not shown, and the Court cannot envision, how permitting Plaintiff to conduct additional discovery would lead to any evidence that could alter the *Heck* analysis. Therefore, the Court finds that there is no need to delay ruling on the Motion for Summary Judgment and Plaintiff's Motion requesting the same is denied.

The Court concludes that the Magistrate Judge's analysis in the Recommendation

---

[1] Plaintiff apparently has access to an old version of the Federal Rules of Civil Procedure as the provision which permits the Court to stay a decision on a motion for summary judgment to permit the opposing party additional time to gather evidence was changed from Rule 56(f) to Rule 56(d) as part of the 2010 Amendments. *See* Fed. R. Civ. P. 56, Advisory Cmte. Notes for 2010 Amendments. However, the Court will overlook this citation error as it does not affect the Court's analysis.

is thorough and sound, and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").  Therefore, the Court finds that dismissal of Plaintiff's remaining claim without prejudice is appropriate.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (dismissal based on *Heck* should be without prejudice).

Accordingly, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 102) is ADOPTED;
2. Defendants' Motion for Summary Judgment (ECF No. 79) is GRANTED;
3. Plaintiff's Motion for Continuance to Respond to Defendant's Motion for Summary Judgment (ECF No. 107) is DENIED;
4. Plaintiff's claims in this case are DISMISSED WITHOUT PREJUDICE;
5. The Clerk of the Court shall enter judgment in favor of Defendants; and
6. All parties are to bear their own attorney's fees and costs.

Dated this 1st day of May, 2013.

BY THE COURT:

William J. Martínez
United States District Judge